# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

LARRY MURPHY,

        Defendant.

Case No.: 2:16-cr-000258-JCM-PAL

**ORDER**

This matter is before the Court on Defendant Larry Murphy's Motion for Magistrate Judge to Reconsider Detention Order (ECF No. 46), filed on May 1, 2017. The Government filed its Response (ECF No. 50) on May 8, 2017.

## BACKGROUND AND DISCUSSION

Defendant Murphy initially appeared in court and was arraigned on the indictment on August 24, 2016. Following the arraignment, the Government moved to detain Defendant as a substantial risk of nonappearance and danger to the community. Defendant was interviewed by Pretrial Services and Pretrial Services recommended in its report that Defendant be detained pending trial as both a risk of nonappearance and danger to the community. On August 31, 2017, the Court found that Defendant poses a substantial risk of nonappearance and danger to the community and that there were no conditions or combination of conditions that could be fashioned to reasonably assure Defendant's future appearance or protect the community against the risk of danger posed by Defendant. The Court therefore ordered that he be detained pending trial.

The Court stated its findings, in part, as follows:

> The defendant has an extensive prior criminal history, going back to at least 1999. Following those convictions, defendant was charged with a number of parole violations. In regard to his conviction in July 1999, defendant had parole violations

in 2000, 2001 and 2002. In 2005 defendant was convicted of felony possession of controlled substance. Defendant had subsequent parole violations in December 2005 and April 2009. In 2010, defendant plead guilty to a felony possession of a controlled substance. Defendant was arrested for probation violations in October and December of 2010. Also in December 2010, defendant was arrested for failure to appear and contempt of court. Defendant was arrested for parole violations in June 2011 and October 2012. Defendant completed drug court in 2012. Subsequent to when defendant completed drug court, and he sustained further convictions. In 2013, defendant was convicted for attempt to own, possess by a prohibited person. More recently, defendant plead guilty to a misdemeanor charge of possession of drugs. Defendant has family ties to this community. However, Pretrial Services was not able to verify those ties.

*See* ECF No. 15.

18 U.S.C. § 3142(f) states that the detention hearing may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. This provision is strictly interpreted and the hearing should not be reopened if the evidence was available at the time of the initial hearing. *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D.Cal. 1999) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); and *United States v. Flores*, 856 F.Supp. 1400, 1405-07 (E.D.Cal. 1994)). If a defendant meets his burden to reopen the detention hearing pursuant to § 3142(f), the burden remains with the Government to prove that Defendant poses a substantial risk of nonappearance or danger to the community and should be detained.

Defendant asserts that his residence can now be confirmed and that he has an opportunity for gainful employment with his previous employer. Defendant has not set forth in his motion any information or evidence that was not known or available to him or his counsel prior to the detention hearing on August 31, 2017, and which has a material bearing on the issue of detention. Defendant, in effect, asks the Court to revisit its earlier decision which is not a basis for reopening the detention hearing. Defendant's assertion regarding his need for medical treatment does not provide sufficient grounds to reopen the detention hearing since there is no evidence that his medical condition cannot be adequately treated while he remains in detention. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Magistrate Judge to Reconsider Detention Order (ECF No. 46) is **denied**.

DATED this 9th day of May, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge